# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY C. TOWNSEND,<br><br>            Plaintiff,<br><br>vs.<br><br>KRIS WINTERS, COMMANDING OFFICER OF THE MIRAMAR NAVAL CONSOLIDATED BRIG, et al.,<br><br>            Defendants. | Civil No.   05cv0996-BTM (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P.12(b)(1)** |

On May 6, 2005, Nancy Townsend, a military prisoner incarcerated at the Miramar Naval Consolidated Brig at the Miramar Naval Air Station in San Diego, California, at the time of filing but subsequently released on parole, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed In Forma Pauperis ("IFP"). Plaintiff alleges she was denied her right to equal protection under the Fourteenth Amendment because long-term female military prisoners such as herself have been transferred to the Miramar Brig from the United States Disciplinary Barracks at Fort Leavenworth, Kansas, whereas long-term male military prisoners, to whom she is similarly situated, remain incarcerated at Fort Leavenworth, and that the conditions of confinement at the Miramar Brig are less satisfactory than at Fort Leavenworth. (Compl. at 3-8.) Plaintiff seeks nominal damages in the amount of $10,000, and an injunction directing Defendants to provide her with "three for one" custody credits for each day she has been incarcerated in the Miramar Brig. (Id. at 9.)

On July 19, 2005, the Court granted Plaintiff leave to proceed IFP. Because Plaintiff's allegations are against federal officials acting under color of federal law, the Court construed the Complaint as attempting to bring a claim under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971) (establishing that constitutionally protected interests may be vindicated through a suit for damages against persons acting under color of federal law by invoking the federal question jurisdiction of the U.S. courts). See <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987) (42 U.S.C. § 1983 provides a remedy only for deprivation of constitutional rights by persons acting under color of <u>state</u> law).

Defendants have now filed a Motion to Dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. Nos. 35-36.) Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to <u>Feres v. United States</u>, 340 U.S. 135, 146 (1950) (holding that members of the armed services could not sue the United States Government under the Federal Tort Claims Act for injuries that "arise out of or are in the course of activity incident to service."). (Memorandum of Points and Authorities in Support of Motion to Dismiss ["MTD Memo."] at 3.) Specifically, Defendants contend the <u>Feres</u> doctrine has been extended to <u>Bivens</u> claims for monetary damages, and that Plaintiff's claim for injunctive relief is not cognizable under <u>Bivens</u> and must be brought through a petition for writ of habeas corpus, which the Court lacks jurisdiction over as a result of Plaintiff's release from custody and failure to exhaust administrative remedies. (<u>Id.</u> at 4-7.) In support of the Motion, Defendants have submitted declarations from Brewster Schenck, the Shared Services Director of the Miramar Brig, and Gerald Patterson, the Program Manager for the Army Corrections System. Plaintiff has not responded to the Motion to Dismiss.

**I.      Standard of Review**

Defendants have properly brought their Motion to Dismiss under FED. R. CIV. P. 12(b)(1). See <u>Dreier v. United States</u>, 106 F.3d 844, 847 (9th Cir. 1996) ("A motion to dismiss pursuant to the *Feres* doctrine is properly treated as a FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, . . .") Although a Plaintiff's factual allegations are ordinarily accepted as true for the purposes of a motion to dismiss, "'a Rule 12(b)(1) motion can attack the

1  substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so
2  doing rely on affidavits or any other evidence properly before the court.'" Id. (quoting St. Clair
3  v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)); Americopters, LLC v. F.A.A., 441 F.3d
4  726, 732 n.4 (9th Cir. 2006) ("Of course, unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1)
5  motion, the district court is not confined by the facts contained in the four corners of the
6  complaint - it may consider facts and need *not* assume the truthfulness of the complaint.") (italics
7  in original).

## II.     Plaintiff's Allegations

Plaintiff alleges she was denied her right to equal protection under the Fourteenth Amendment beginning in September 2000, when she and all other long-term female inmates were transferred to the Miramar Brig from the United States Disciplinary Barracks at Fort Leavenworth, Kansas, whereas long-term male military prisoners, to whom she is similarly situated, remain incarcerated at Fort Leavenworth. (Compl. at 3.)  Plaintiff contends the conditions of confinement at the Miramar Brig are different then those at Leavenworth in the following ways: (1) the law library is inadequate and prisoners receive inadequate access to it; (2) prisoners receives less pay and less custody credits for work details; (3) prisoners are limited to $30 in canteen purchases per month compared to $40 at Leavenworth; (4) prisoners must now make purchases such as tennis shoes and watches from the Navy Exchange rather than outside vendors, at an increased cost; (5) collect telephone calls cost more; (6) prisoners are not provided with free postage for greeting cards to family members as they were at Leavenworth; (7) inmate mail is opened outside the inmate's presence at the Miramar Brig rather than in the inmate's presence at Leavenworth; (8) prisoners are required to do physical training each morning at the Miramar Brig whereas Leavenworth inmates are not; (9) visitation hours are drastically curtailed; and (10) Miramar Brig prisoners receive only two meals on Saturdays and Sundays whereas Leavenworth inmates receive three meals on those days. (Id. at 3-8.)  Plaintiff states that she has exhausted her administrative remedies. (Id. at 8.)  She seeks nominal damages in the amount of $10,000, and an injunction directing Defendants to provide her with "three for one" custody credits for every day spent in the Miramar Brig. (Id. at 9.)

## III. Discussion

Defendants contend that the Feres doctrine divests this Court of subject matter jurisdiction of Plaintiff's claims for monetary damages. (MTD Mem. at 4-5.) With respect to the claim for injunctive relief, Defendants contend such a claim can only be brought in a habeas corpus action, and that this Court lacks jurisdiction over such a claim because Plaintiff is not incarcerated in this District and has not exhausted her administrative remedies. (Id. at 6-7.)

### A. Monetary Damages Claim

In Feres the Supreme Court held that members of the armed services could not sue the United States Government under the Federal Tort Claims Act for injuries that "arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146. The Supreme Court has since extended Feres not only to tort actions brought against the United States, but to actions brought against individual officers pursuant to Bivens. See Chappell v. Wallace, 462 U.S. 296, 305 (1983) ("We hold that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."); United States v. Stanley, 483 U.S. 669, 680-84 (1987) (holding that Chappell applies to all activities "incident to service" and not merely to activities performed within the officer/subordinate relationship); Bowen v. Olstead, 125 F.3d 800, 804 (9th Cir. 1997) ("In sum, the *Feres* doctrine is applicable 'whenever a legal action "would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States."'" ) (quoting Hodge v. Dalton, 107 F.3d 705, 710 (9th Cir. 1997) (quoting McGowan v. Scoggins, 890 F.2d 128, 132 (9th Cir. 1989))).

Plaintiff's claim for monetary damages regarding the conditions of her confinement at the Miramar Naval Consolidated Brig falls squarely within the Feres doctrine as interpreted by the Ninth Circuit and the United States Supreme Court. The same is true if Plaintiff were to amend her Complaint to attempt to state a claim for monetary damages against the United States pursuant to the Federal Tort Claims Act. Feres, 430 U.S. at 146. Because the Feres doctrine applies to Plaintiff's claim for damages, this Court lacks jurisdiction over the claim. Defendant's Motion to Dismiss Plaintiff's claim for monetary damages is **GRANTED**.

**B.     Injunctive Relief Claim**

With respect to Plaintiff's claim for injunctive relief, the Ninth Circuit has recognized that the determination regarding whether the Feres doctrine applies to claims for injunctive relief turns on the test articulated in Mindes v. Seaman, 453 F.2d 197, 201-02 (5th Cir. 1971). Wilkins v. United States, 279 F.3d 782, 788 (9th Cir. 2002). The Mindes test, as modified by the Ninth Circuit, provides that:

> an internal military decision is unreviewable unless the plaintiff alleges (a) a violation of (a recognized constitutional right) . . . and (b) exhaustion of available intraservice remedies. If the plaintiff meets both prerequisites, the trial court must weigh four factors to determine whether review should be granted: [¶] (1) the nature and strength of the plaintiff's claim. . . . [¶] (2) The potential injury to the plaintiff if review is refused. [¶] (3) the extent of interference with military functions. [¶] (4) the extent to which military discretion or expertise is involved.

Wilkins, 279 F.3d at 788 n.3 (quoting Christoffersen v. Washington State Air Nat'l Guard, 855 F.2d 1437, 1442 (9th Cir. 1988)).

The Court in Wilkins recognized that the Supreme Court had not yet explicitly encompassed within the Feres doctrine claims seeking injunctive relief based on challenges to military policies, such as an equal protection and First Amendment challenge to the "Don't Ask/Don't Tell" policy, as well as the policy at issue in Wilkins itself, where the plaintiff presented a challenge to the Navy Chaplain Corp's system of evaluation, assignment, promotion and selection for early retirement. Wilkins, 279 F.3d at 786-88. However, the Wilkins Court distinguished such challenges from the type of injunctive relief sought by Plaintiff here. Id. In particular, in Costco v. United States, 248 F.3d 863, 869 (9th Cir. 2001), which was cited by Wilkins, the Court recognized that exceptions to the Feres doctrine have not been found in situations such as "the Supreme Court cases [which] typically involve 'activit(ies) incident to service' that implicate military duty, *see e.g. [United States v.] Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648, or situations where military discipline was important precisely because it so fundamentally implicated the functioning of the military, *see, e.g., [United States v.] Shearer*, 473 U.S. at 58, 105 S.Ct. 3039." Costco, 248 F.3d at 869. Resolution of the Motion to Dismiss does not depend on whether Plaintiff's claim for injunctive relief is barred by the Feres doctrine, however, because it does not present a cognizable Bivens claim.

Plaintiff's injunctive relief claim seeks: "Three for one credit for every day spent in confinement here at Miramar Naval Consolidated Brig." (Compl. at 9.) It is not clear whether Plaintiff is seeking an injunction requiring her to receive three days of custody credits for each day she was incarcerated at the Miramar Brig, or one day of credit for each three days of custody. (Compl. at 9.) Either way, Defendants contend such a claim is only cognizable in a habeas action because it would affect the length of her incarceration, and that this Court now lacks jurisdiction over such an action due to her subsequent release on parole and failure to exhaust administrative remedies. (MTD Mem. at 6-7.) Although Plaintiff has not responded to the Motion to Dismiss, she has previously complained that her transfer from the Miramar Brig to federal prison was done in retaliation for this lawsuit and for the purpose of impeding her ability to prosecute her claims.[1]  (See Plt.'s Letter [Doc. No. 21] filed Jan. 18, 2006.)

To the extent the claim for injunctive relief seeks an order directing the defendants to grant Plaintiff custody credits, it must be brought in a habeas action and is not cognizable in a Bivens action. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court considered the potential overlap between federal habeas actions under 28 U.S.C. § 2254 and challenges to the conditions of confinement pursuant to 42 U.S.C. § 1983. The Court held that habeas is the exclusive remedy for a prisoner challenging the fact or duration of confinement and the relief sought is a determination that he or she is entitled to immediate release or a speedier release from that confinement, even though the claim may also come within the literal terms of section 1983. Id. at 488-500. On the other hand, a section 1983 action is a proper avenue for a state prisoner who is making a constitutional challenge to the conditions of prison life, but not to the fact or length of custody. Id. at 499; see also Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions

---

[1] Defendants disavow any effort to divest the Court of jurisdiction over Plaintiff's claims by transferring her, and contend that her transfer was initiated before they were served with notice of this action and in the ordinary course of business. (MTD Mem. at 6 n.3.) Plaintiff has already challenged her transfer in a habeas action filed in this Court, and the Court has rejected her contention that the transfer divested the Court of jurisdiction over her claims. (See Order filed May 30, 3006 [Doc. No. 15] in SO. DIST. CA CIVIL CASE NO. 05cv1713-L (WMc).)  To the extent Plaintiff's letter could be construed as an attempt to supplement her Complaint to include a claim for monetary damages based on a retaliatory transfer, any such claim is barred by the Feres doctrine for the reasons discussed above with respect to her other claims for monetary damages.

under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Court found that habeas was the sole federal vehicle available for a prisoner's constitutional challenge to the procedures used in a disciplinary hearing which resulted in the loss of custody credits where the claim would, if proven, "necessarily imply the invalidity of the deprivation" of the custody credits. <u>Edwards</u>, 520 U.S. at 646-48. The Court found, however, that a prisoner's claim for an injunction barring future unconstitutional procedures did not fall within federal habeas because such prospective relief does not necessarily imply the invalidity of the previous loss of custody credits. <u>Id.</u> at 648. Here, Plaintiff seeks custody credits for time she has already spent at the Miramar Brig. Her claim for injunctive relief does not fall within the <u>Edwards</u> exception because prospective relief is unavailable as she is no longer housed at the Miramar Brig, and because granting the relief she seeks would necessarily shorten her sentence, which expires in August 2009.

The Court will not convert this action into a habeas action. <u>Blueford v. Prunty</u>, 108 F.3d 251, 255 (9th Cir. 1997) (holding that district court should not treat defective section 1983 action seeking restoration of custody credits as a habeas petition). Moreover, Plaintiff is presently proceeding with a habeas corpus action in this Court in which she is challenging her May 12, 2005 parole revocation hearing held at the Miramar Brig. (<u>See</u> Petition filed on Sept. 1, 2005 [Doc. No. 1] in SO. DIST. CA CIVIL CASE NO. 05cv1713-L (WMc).) She is also challenging in that action her transfer from the Miramar Brig to federal custody in Kentucky, and is requesting "three for one" custody credits for time spent on parole and in federal custody. (<u>Id.</u>; <u>see also</u> Order filed May 30, 3006 [Doc. No. 15] in SO. DIST. CA CIVIL CASE NO. 05cv1713-L (WMc).) Thus, to the extent Plaintiff's claim for injunctive relief is cognizable only in a habeas action, the claim is **DISMISSED** without prejudice to Plaintiff to proceed with the claim in her pending habeas action or in a separate habeas petition if applicable.

To the extent Plaintiff's claim for injunctive relief should be construed to include a request for an order directing the Defendants to modify the manner in which they run the Miramar Brig, that is the type of situation involving military discipline to which the Supreme

1 Court has indicated the Feres doctrine applies. Shearer, 473 U.S. at 58; Chappell, 462 U.S. at 297-305. Even assuming Plaintiff has stated a claim for injunctive relief which survives a Feres challenge regarding the conditions of confinement at the Miramar Brig, as opposed to seeking accrued custody credits, her subsequent transfer moots any claims for equitable relief which relate to the transferring prison's policies, unless the suit has been certified as a class action, which it has not. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986); see also Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir. 1986) (prisoner's transfer from prison where he complained of the conditions of confinement mooted his claims for declaratory and injunctive relief); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims for injunctive and declaratory relief seeking to improve prison conditions were moot where prisoner had been moved to another prison unit and was no longer subject to those conditions).

The declarations submitted by Defendants show that Plaintiff arrived at the Miramar Brig from Leavenworth on September 21, 2000, and was paroled on January 9, 2001 from the Miramar Brig. (Schenck Decl. ¶4.) Plaintiff was returned to the Miramar Brig on a parole violation on March 7, 2005. (Id.) She initiated this action on May 6, 2005. She was transferred to the custody of the Federal Bureau of Prisons on October 31, 2005, at which time she was held at the Metropolitan Correctional Facility in San Diego until November 22, 2005, when she was transferred to the Federal Medical Center in Lexington Kentucky. (Id.; Patterson Decl. ¶ 2.) Defendants assert in their motion papers that Plaintiff was released on parole on July 7, 2006. (MTD Memo. at 3.) Plaintiff has provided the Court with a change of address dated July 24, 2006, which lists an address in Nashville, Tennessee. (Doc. No. 33.) Because Plaintiff is no longer housed at the Miramar Brig, any claim for injunctive relief regarding the conditions of confinement there are moot.

Accordingly, under the Feres doctrine, this Court lacks jurisdiction over Plaintiff's claim for injunctive relief. Wilkins, 279 F.3d at 788 n.3; Shearer, 473 U.S. at 58; Chappell, 462 U.S. at 297-305. Even assuming the claim survives a Feres doctrine challenge, it is not cognizable in a Bivens action to the extent it seeks custody credits and is moot to the extent it challenges

the conditions of confinement at the Miramar Brig. The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiff's claim for injunctive relief.

### IV. Conclusion and Order

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** the Complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. The dismissal is without leave to amend.

**IT IS SO ORDERED.**

DATED: October 26, 2006

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge